### Eliza Adams *v.* Jane McCauley and Husband.

It is not necessary in an action on a lost title, that the petition shall state such loss.
Where the affidavit of the plaintiff of the loss of the instrument sued on, has been
  read without objection, parol evidence may be admitted to prove its contents.

Appeal from the District Court of West Feliciana, *Johnson,* J.
  Martin, J.  The plaintiff claims a female slave and her in-
crease, in the possession of the defendants, who pleaded the gene-
ral issue, and amongst other matters, that the pretended bill of
sale from John Brown to the plaintiff, a copy of which is annexed
to the petition, is a disguised donation, not in an authentic form,
and unaccompanied with possession.  On the trial, the affidavit of
the plaintiff, establishing the loss of the original bill of sale was
read without opposition; and her counsel having asked a witness
whether he had not seen the original bill of sale, and whether it
was not signed by John Brown, the question was objected to, on
the ground that the loss of the instrument had not been accounted
for by sufficient evidence; and the plaintiff having offered to read
the copy annexed to the petition, this was also objected to, as not
being authenticated and proven as the law requires.  Both ob-
jections were sustained, and a bill of exceptions taken.  There
was judgment against the plaintiff as in case of nonsuit, and
she has appealed.

The counsel for the appellees has contended that the court did not err in preventing the question from being answered, as the plaintiff had not apprized the defendants, by the pleadings, of the loss of the instrument, which was declared on as *in esse*, as the advertisements of its loss were made too late, and no due diligence was exercised to recover it.

We are not acquainted with any law requiring in a suit, on a lost title, that the petition shall state the loss. The plaintiff may indulge the hope of recovering it. The advertisements were proved; no exception appears to have been taken below, to their having been published too late, and none is stated in the bill of exceptions. Whether the defendants might have objected to the reading of the plaintiff's affidavit of the loss of the instrument, is a question which the case does not present for our solution. It is not denied that it forms inchoate proof; it is only asserted that this proof is *insufficient*. In the case of *Miller* v. *Webb*, 8 La. 517, in which the defendant appealed, on the ground that judgment had been rendered against him on a bill of exchange, the loss of which had been established by the affidavit of the plaintiff only, which had been read without opposition, we affirmed the judgment. It appears to us that the court erred.

It is therefore ordered and decreed, that the judgment be annulled, and reversed, and that the case be remanded for further proceedings, with directions to the judge to permit the question put to the witness to be answered; the defendants and appellees paying the costs of the appeal.

*Dalton* and *A. M. Dunn*, for the appellant.

*Lyons*, for the defendants.